09-0206-ag
NLRB v. Saint Mary Home

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of December, two thousand nine.

PRESENT:
        GUIDO CALABRESI
        JOSÉ A. CABRANES,
        BARRINGTON D. PARKER,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NATIONAL LABOR RELATIONS BOARD,

        *Petitioner*,

    v.                                 No. 09-0206-ag

SAINT MARY HOME,

        *Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**COUNSEL FOR PETITIONER:**      GREGORY P. LAURO (Meredith Jason, *on the brief*), National Labor Relations Board, Washington, D.C.

**COUNSEL FOR RESPONDENT:**    NATALE V. DI NATALE, (Peter Dagostine, Jarad M. Lucan, *on the brief*) Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C., Bridgeport, CT.

Application for enforcement of an order of the National Labor Relations Board ("NLRB").

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the application for enforcement of an order of the NLRB is **GRANTED.**

Petitioner NLRB applies to this Court for enforcement of its November 28, 2008 Decision and Order finding that respondent Saint Mary Home violated Section 8(a)(5) and (1) of the National Labor Relations Act ("the Act") by refusing to bargain with Teamsters Local 671 ("the Union"), which was the certified collective bargaining representative of Saint Mary Home's charge nurses. Respondent argues that (1) the petitioned-for-unit was inappropriate because it consisted entirely of supervisors, who have no right to organize under the Act and (2) the NLRB erred in certifying the election results more than three years after the election, during which time there was significant turnover and an increase in the size of the unit. We assume the parties' familiarity with the facts and procedural history of this case.

We have limited review of orders of the NLRB. *See, e.g.*, *NLRB v. Katz's Delicatessen, Inc.*, 80 F.3d 755, 763 (2d Cir. 1996). "We must enforce the Board's order where its legal conclusions are reasonably based, and its factual findings are supported by substantial evidence on the record as a whole." *Id.* The question of whether employees enjoy supervisory status under the Act is a question of fact, and a decision of that question is therefore reviewed under the substantial evidence standard. *See, e.g.*, *NLRB v. Meenan Oil Co.*, 139 F.3d 311, 320 (2d Cir. 1998). The burden of demonstrating an employee's supervisory status rests with the party asserting it. *NLRB v. Ky. River Comty Care, Inc.*, 532 U.S. 706, 712 (2001). A finding is supported by substantial evidence if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *NLRB v. Quinnipiac Col.*, 256 F.3d 68, 74 (2d Cir. 2001). We review the NLRB's decision to certify an election results for "abuse of discretion." *NLRB v. Arthur Sarnow Candy Co.*, 40 F.3d 552, 556 (2d Cir. 1994); *cf. Sims v. Blot* (*In re Sims*), 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions . . . ." (internal alteration, citations, and quotation marks omitted)).

Saint Mary Home argues that the NLRB erred in concluding that the "charge nurses" comprising the petitioned-for-unit were not supervisors under the Act, 29 U.S.C. § 152(11). To determine whether an employee is a supervisor under the Act, we must consider three factors: (1) whether the employee has the authority to exercise at least one of the twelve "listed powers";[1] (2)

---

[1] The Act lists the powers "to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their

2

whether the employee exercises a listed power using independent judgment; and (3) whether the employee exercises that power in the interest of the employer. *Schnurmacher Nursing Home v. NLRB*, 214 F.3d 260, 264 (2d Cir. 2000). The parties do not dispute that the charge nurses acted in the interest of the employer. We must consider, then, only whether the NLRB's findings that the charge nurses do not exercise any of the listed powers using independent judgment are supported by substantial evidence. As the Supreme Court recognized in *Kentucky River*, the term "independent judgment" is ambiguous "with respect to the *degree* of discretion required for supervisory status," and therefore, "it falls clearly within the [NLRB's] discretion to determine, within reason, what scope of discretion qualifies" an employee for supervisory status. 532 U.S. at 713.

First, we review the NLRB's conclusion that the charge nurses did not assign work to the certified nurse's aides (CNAs) using independent judgment. The NLRB concluded that the charge nurses did assign the work of the CNAs, but that these assignments were routine or clerical in nature, and thus did not require the use of independent judgment. Specifically, the NLRB noted that assignments "generally go by the room numbers," A. 666, and any re-assignments are made with the intent to "balance out the workload." A 668. We conclude that substantial evidence supports the NLRB's conclusion that the charge nurses did not exercise independent judgment because the assignments were routine or clerical in nature.

Next, we review the NLRB's conclusion that the charge nurses did not responsibly direct work of the CNAs. The NLRB stated that the charge nurses regularly direct the CNAs. To responsibly direct the work of others, however, the supervisor must be accountable for the CNA's failure to perform a duty. *See, e.g.*, *Schnurmacher*, 214 F.3d at 267. Here, the NLRB concluded that, unlike in *Schnurmacher*, 214 F.3d at 266-67, there was no evidence that any charge nurse suffered adverse consequences after a CNA failed to perform a duty. Saint Mary Home proffered evidence of the suspension of one charge nurse for failing to monitor adequately the care a CNA provided. As the NLRB noted, however, the "CNAs would similarly be held accountable for a failure to report another CNA's known deficiencies in providing proper resident care," A. 672, and thus this does not support a conclusion that the charge nurses responsibly directed the CNAs. We therefore conclude that substantial evidence supports the NLRB's conclusion that the charge nurses did not responsibly direct the CNAs.

Finally, we consider the NLRB's conclusion that the charge nurses did not discipline the CNAs. The putative supervisor does not discipline an employee if the putative supervisor is merely "a conduit for information" for those who make the disciplinary decisions. *Meenan Oil*, 139 F.3d at 322. Here, the charge nurses may only informally reprimand a CNA. If the CNA failed to take

---

grievances, or effectively to recommend such action." 29 U.S.C. § 152(11).

3

corrective action, the charge nurse would "let my supervisor know what's going on," and the supervisor of the charge nurses would "take it from there." A. 435. Saint Mary Home proffered no evidence that any charge nurse recommended that a CNA be disciplined; instead, the charge nurses simply passed information to the supervisors. We therefore conclude that substantial evidence supported the NLRB's conclusion that the charge nurses did not discipline the CNAs.

Saint Mary Home also argues that the NLRB abused its discretion when it certified the election results three years after the election, during which time the unit had changed substantially. Neither passage of time nor changes in unit size and composition preclude certification of election results. *See, e.g.*, *NLRB v. Star Color Plate Serv., Div. of Einhorn Enters., Inc.*, 843 F.2d 1507 (2d Cir. 1988) (holding that certification of a union was not precluded by a five-year delay and significant unit turnover). In sum, we conclude that the NLRB did not abuse its discretion in certifying the election results.

### CONCLUSION

We have considered all of respondents arguments and consider them to be without merit. For the reasons stated above, the application for enforcement of an order of the NLRB is **GRANTED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____
Oliva M. George, Deputy Clerk

4